IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUDAS K. CHACKO,

    Plaintiff,                                   No. 2:12-cv-02881 MCE JFM (PS)

    vs.

CITY OF SACRAMENTO,

    Defendant.                               <u>FINDINGS AND RECOMMENDATIONS</u>

/

        This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court has determined that the matter shall be submitted upon the record and briefs on file. L.R. 230. On review of the motion and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.    FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff, an Indian-American male proceeding pro se, initiated this action on November 28, 2012, asserting claims arising from defendant's alleged misconduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). ECF No. 1.

        On January 24, 2013, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. On March 4, 2013, plaintiff filed an opposition to

1

defendant's motion. ECF No. 8. On March 12, 2013, defendant filed a reply in support of its motion. ECF No. 9.

Plaintiff alleges in his complaint that "the terms and conditions of [his] employment were different than [his] co-workers." ECF No. 1 at 1. He claims that following his discharge, "the person hired to replace [him was a] white [] male and younger" in age. Id. Plaintiff also alleges defendant "subjected" him to "harsh labor" by requiring him to be on call at all times during his employment without the benefit of sick leave. Id. at 1-2. In support of his allegations, plaintiff claims that defendant "listened only to" his supervisor and never to him, that other employees were permitted to work from home, and employees who were discharged for similar reasons were treated differently by receiving different severance packages. Id. at 2.

II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Furthermore, "Rule 8(a)(2) ... requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). "Without some factual allegation in the complaint, it is hard to see how a

claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1202 (3d ed. 2004)).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

III. DISCUSSION

In its motion to dismiss, defendant contends that plaintiff fails to state a cognizable claim for relief under Title VII and the ADEA because plaintiff's complaint improperly relies on legal conclusions rather than facts, and it does not state a plausible claim for relief. ECF No. 5.  In his opposition, plaintiff argues that defendant's "took one stand" with the Equal Employment Opportunity Commission by offering him $2,000, and another in this litigation by filing a motion to dismiss. ECF No. 8 at 1.  Plaintiff further argues that defendant "failed to explain the rating standard of how one Supervisor in the City of Sacramento rated [him] Exemplary/Performer Plus and [another] Supervisor came up with [a] poor rating." Id. Each claim will be addressed in turn.

/////

/////

A.     Plaintiff's Title VII Claims

Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  A plaintiff may show a violation of Title VII by proving disparate treatment or impact, or by establishing the existence of a hostile work environment. Sischo–Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991) (citing, Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977)).  Here, plaintiff alleges he was intentionally discriminated against on the basis of color and origin.  Plaintiff appears to advance two theories of discrimination: disparate treatment and a hostile work environment.

With regards to disparate treatment, Title VII is violated if plaintiff shows "(1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

Plaintiff alleges that "the terms and conditions of [his] employment were different than [his] co-workers." ECF No. 1 at 1.  In support of this allegation, plaintiff explains that he was required to be on call at all times. Id. at 2.  However, the exhibit plaintiff provides indicates his co-workers were also subject to the on call requirement. Id. at 4.  Thus, plaintiff's facts do not establish he was treated "differently than a similarly situated employee." Cornwell, 439 F.3d at 1028.  Plaintiff also alleges he was treated differently than "employees discharged on similar reasons." Id. at 2.  However, again, plaintiff does not provide relevant facts and conduct to

/////

4

1   show he was treated differently, or that the employees mentioned "do not belong to the same
2   protected class as [] plaintiff." Cornwell, 439 F.3d at 1028.

3   With regards to a hostile work environment, "a plaintiff must show: (1) that he
4   was subjected to verbal or physical conduct of a racial . . . nature; (2) that the conduct was
5   unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions
6   of the employment and create an abusive work environment." Vasquez v. County of Los
7   Angeles, 349 F.3d 634, 642 (9th Cir. 2003); see also Dawson v. Entek Int'l, 630 F.3d 928, 939
8   (9th Cir. 2011). A plaintiff must demonstrate "the conduct at issue was both objectively and
9   subjectively offensive: he must show that a reasonable person would find the work environment
10  to be 'hostile or abusive,' and that he in fact did perceive it to be so." Dawson, 630 F.3d at 938
11  (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998)).

12  Here, plaintiff alleges a co-worker commented that plaintiff "needs to be
13  protected at all times and joked of buying an armored vehicle for" plaintiff. ECF No. 1 at 2.
14  However, "simple teasing, offhand comments, and isolated incidents (unless extremely serious)
15  will not amount to discriminatory changes in the terms and conditions of employment."
16  Faragher, 524 U.S. at 788 (internal quotation marks and citations omitted); see also E.E.O.C. v.
17  Go Daddy Software, Inc., 581 F.3d 951, 963 (9th Cir. 2009) ("If a person has been subjected to
18  only an isolated incident, a complaint about that incident does not constitute protected activity
19  unless a reasonable person would believe that the isolated incident violated Title VII."). Plaintiff
20  does not provide additional facts or conduct that demonstrate a hostile work environment as set
21  forth in Vasquez, such as whether the conduct was racial in nature or not an isolated incident.

22  To the extent plaintiff's claim is brought under Title VII for disparate treatment or
23  a hostile work environment, that claim should be dismissed because plaintiff's factual allegations
24  are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at
25  554.
26  /////

B.   Plaintiff's ADEA Claim

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). These prohibitions apply to "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). See also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280 (9th Cir. 2000).

> A plaintiff alleging discrimination under the ADEA may proceed under two theories of liability: disparate treatment or disparate impact. Proof of disparate treatment requires a showing that the employer treats some people less favorably than others because of their age. In contrast, discriminatory motive or intent need not be shown under a disparate impact theory, which challenges facially neutral employment practices which have a discriminatory impact. However, under the latter theory the plaintiff must actually prove the discriminatory impact at issue, rather than merely an inference of discriminatory impact.

Rose v. Wells Fargo & Co., 902 F.2d 1417, 1421 (9th Cir. 1990) (citations omitted). The disparate treatment theory can be based on circumstantial or direct evidence. Sheppard v. David Evans and Assoc., 694 F.3d 1045, 1049 (9th Cir. 2012). To prevail on this theory, the McDonnell Douglas framework is applied:

> [T]he employee must first establish a prima facie case of age discrimination. If the employee has justified a presumption of discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action. If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination.

Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008), quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). A prima facie case of discrimination requires plaintiff to allege "that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or

/////

inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." Id. (internal quotation and citation omitted).

Here, plaintiff alleges he was replaced with a younger employee (ECF No. 1 at 1), but he does not indicate his age or the age of the employee such that it can be inferred that the new employee was "substantially younger" than he was. Diaz, 521 F.3d at 1201. Further, plaintiff alleges no facts that indicate the new employee's qualifications were equal or inferior to plaintiff's qualifications. While plaintiff alleges he was "transferred to supervisor Maria McGunigal and [he] started reporting to her," he does not allege facts that establish an inference that his reassignment was a demotion or that it was based on his age. ECF 1 at 1. Plaintiff also alleges the on call requirement impacted him as an employee. ECF No. 1 at 2. However, plaintiff provides no facts showing "disparate treatment" or that the employment practices resulted in a "disparate impact" based on age discrimination. Rose, 902 F.2d at 1421. Finally, to the extent plaintiff alleges his discharge was discriminatory, he provides no facts giving rise to an inference that the discharge was based on his age. Diaz, 521 F.3d at 1201.

To the extent plaintiff's claim is brought under the ADEA, that claim should also be dismissed because plaintiff fails to allege sufficient facts to support his conclusion that he was discriminated against based on his age. See Twombly, 550 U.S. at 554.

IV. CONCLUSION

Each viewed in the light most favorable to plaintiff, the allegations of his complaint do not raise a cognizable claim for relief due to violations of Title VII or the ADEA. Plaintiff's complaint should therefore be dismissed. However, it appears plaintiff may be able to cure the defects in his complaint by amendment. See Intri–Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (dismissal without leave to amend is only proper if it is clear that "the complaint could not be saved by any amendment") (internal citations and quotations omitted). Thus, plaintiff should be provided the opportunity to amend his complaint to "allege with at least some degree of particularity overt acts which defendant[] engaged in that

7

support plaintiff's claim." <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984) (quotation and citation omitted).  For that reason, the dismissal should be granted with leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 5) be granted; and

2. Plaintiff be given 30 days to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   July 10, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

chac2881.mtd.jfm