UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUDAS K. CHACKO, | No. 2:12-cv-2881-MCE-EFB (PS) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, | |
| Defendant. | |

Plaintiff, proceeding pro se, initiated this action on November 28, 2012, asserting claims arising from defendant's alleged misconduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1). ECF No. 1. On July 10, 2013, this court issued findings and recommendations recommending that defendant's motion to dismiss be granted and plaintiff be provided the opportunity to amend his complaint. ECF No. 12. On August 5, 2013, the findings and recommendations were adopted, and plaintiff was granted thirty days in which to file an amended complaint. ECF No. 14.

On September 4, 2013, plaintiff filed a document styled as a "request for mercy of the honorable court," in which he asked this court to "reestablish[] the compassion of the City of Sacramento in giving [him] the original offer made through EEOC and some for hardships." ECF No. 15. The court construed plaintiff's document as a request to settle this action for the amount

1

originally offered during the parties' EEOC proceedings, and directed defendant to respond to plaintiff's request.  ECF No. 17.

Defendant timely filed a response on October 24, 2013.  ECF No. 18.  Defendant notes that plaintiff's complaint "states that the City offered $2,000 to settle [plaintiff's] claim while it was pending before the EEOC."  ECF No. 18-1.  Defendant explains that it reviewed files, conferred with City employees and contacted EEOC staff involved with plaintiff's claim; but despite these efforts, it found no record indicating "that any monetary settlement offer was made to [plaintiff] during the EEOC proceedings."  *Id.*  Defendant rejected plaintiff's request to settle this action for $2,000 plus some for hardships.  *Id.*

On October 31, 2013, plaintiff filed a document in which he attached an e-mail from an EEOC investigator offering a $2,000 settlement on behalf of the City of Sacramento.  ECF No. 19-2.  In light of this information – of which defendant was apparently unaware – defendant will be directed to further respond to plaintiff's request to settle this action.  Furthermore, defendant shall include in its response whether it would be appropriate for the court to schedule an early settlement conference for this action.  Plaintiff will have seven days from the date of defendant's response to submit a reply.

Plaintiff's October 31, 2013, filing also includes a request for the appointment of counsel.  ECF No. 19.  Generally, there is no constitutional right to appointed counsel in a civil action.  *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18 (1981).  Pursuant to 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel," but will do so only on a showing of "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *accord Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).  "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Palmer*, 560 F.3d at 970.  "Neither of these considerations is dispositive and instead must be viewed together."  *Id.*

Because the pleadings stage of the case is not yet complete, the court remains unable to make a determination that plaintiff is likely to succeed on the merits of his claims.  Plaintiff's

claims based on Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act are not unusually complex; and plaintiff has thus far been able to articulate his claims and arguments pro se in court filings. Therefore, plaintiff's request for the appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, defendant shall respond to plaintiff's request to settle this action and address whether it would be appropriate for the court to schedule an early settlement conference;

2. Within seven days of defendant's response, plaintiff shall submit a reply thereto; and

3. Plaintiff's request for the appointment of counsel (ECF No. 19) is denied.

DATED: December 3, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

chak2881.ord(3)

3