1
2
3
4
5
6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUDAS K. CHACKO,<br><br>              Plaintiff,<br><br>     v.<br><br>CITY OF SACRAMENTO,<br><br>              Defendant. | No.  2:12-cv-2881-MCE-EFB (PS)<br><br><br><br>ORDER |

On November 28, 2012, plaintiff, proceeding pro se, initiated this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1).  ECF No. 1.  On August 5, 2013, defendant's motion to dismiss was granted and plaintiff was granted thirty days leave to file an amended complaint.  ECF Nos. 12, 14.

On September 4, 2013, plaintiff filed a document that the court construed as a request to settle this action.  ECF No. 15.  On October 10, 2013, the court ordered defendant to respond to plaintiff's request and stayed plaintiff's deadline for filing an amended complaint pending resolution of his request to settle.  ECF No. 17.  Defendant responded on October 24, 2013, rejecting plaintiff's request to settle this action for $2,000 "plus some for hardships;" and explaining that it found no record indicating "that any monetary settlement offer was made to [plaintiff] during the EEOC proceedings."  ECF No. 18.  On October 31, 2013, plaintiff submitted to the court an e-mail from an EEOC investigator offering a $2,000 settlement on behalf of the

1

1  City of Sacramento.  ECF No. 19.  In light of this information, on December 4, 2013, the court
2  ordered defendant to again respond to plaintiff's request to settle, and to include in its response
3  whether it would be appropriate for the court to schedule an early settlement conference for this
4  action.  ECF No. 23.  Plaintiff was granted seven days from the date of defendant's response to
5  submit a reply.  *Id.*

6       On December 16, 2013, defendant filed with the court a letter that was sent to plaintiff
7  offering to settle "for $2,000 total in exchange for a dismissal of [the action], a waiver of all
8  claims associated with the termination of [plaintiff's] employment with the City, and a general
9  release of liability."  ECF No. 24.  Defendant also stated that if plaintiff was unwilling to settle on
10  the terms presented in the letter "it would be appropriate for the Court to schedule an early
11  settlement conference."  *Id.*  On December 27, 2013, plaintiff filed his letter response thereto,
12  dated December 23, 2013, also indicating that he "would like to settle the case, and need[s] to
13  understand the terms mentioned" in defendant's December 16, 2013 letter.  ECF No. 25.  Also on
14  December 27, 2013, plaintiff filed a motion to amend his complaint which again requests
15  assistance from the court with settling this action.  ECF No. 26.

16       On January 30, 2014, plaintiff filed a second letter, dated January 23, 2014, that
17  purportedly responds to a letter defendant mailed on January 7, 2014.  ECF No. 27.  In his letter,
18  plaintiff requests a meeting with defendant to discuss his communications with the EEOC and the
19  amended complaint he filed on December 27, 2013.  *Id.*  The court was not provided with a copy
20  of defendant's January 7, 2014 letter.

21       As noted above, the court has stayed the deadline for the filing of plaintiff's amended
22  complaint pending resolution of the parties' settlement discussions.  ECF No. 17.  It appears from
23  the parties' communications that they are currently engaged in settlement negotiations but those
24  negotiations have been complicated by having to communicate by letter.  The court will therefore
25  deny plaintiff's motion to amend his complaint without prejudice, meaning plaintiff will have the
26  opportunity to re-file an amended complaint following the conclusion of the parties' settlement
27  discussions.  If the parties are unable to settle this action, the court will issue an order setting a
28  deadline for the filing of plaintiff's amended complaint.

Considering the settlement discussions undertaken by the parties thus far, the court has determined that this case will benefit from a court supervised settlement conference. The parties shall have fourteen days from the date of this order to inform the court, pursuant to Local Rule 270(b),[1] whether they waive disqualification of the undersigned conducting a settlement conference, or whether the settlement conference should be randomly assigned to another magistrate judge. Thereafter, the court will issue an order setting a settlement conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 27, 2013 motion to amend the complaint (ECF No. 26) is denied without prejudice; and

2. Within fourteen days of the date of this order, the parties shall inform the court whether they waive disqualification of the undersigned to conduct a settlement conference or whether the court should randomly assign another magistrate judge.

Dated:  February 24, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 270(b) provides: "**Settlement Conferences Before the Assigned Judge or Magistrate Judge.** Unless all the parties affirmatively request that the assigned Judge or Magistrate Judge participate in the conference and waive in writing any claim of disqualification on that basis to act as Judge or Magistrate Judge in the action thereafter, the assigned Judge or Magistrate Judge shall not conduct the settlement conference."